

#400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER MOGULL                           :
1019 Old White Plains Road             :
Mamaroneck, NY 10543                   :
                                       :         19     3739
            Plaintiff                  :
                                       :
   v.                                  :
                                       :
AETNA LIFE                             :
INSURANCE COMPANY                      :                FILED
980 Jolly Road,                        :                AUG 19 2019
Blue Bell, PA 19422                    :                KATE _____, Clerk
                                       :                By _____ Dep. Clerk
            Defendant                  :   NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Peter Mogull, by and through his Counsel, Pond, Lehocky, Stern & Giordano, P.C., and hereby complains of the above referenced Defendant, Aetna Life Insurance Company (hereinafter referred to as " Aetna"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

**II.     FACTS:**

2.     The Plaintiff, Peter Mogull, is an adult and competent individual with a physical address of 1019 Old White Plains Road, Mamaroneck, NY 10543.

3.     The Defendant, Aetna, under information and belief, is a business entity with a principal place of business located at 980 Jolly Road, Blue Bell, PA 19422 with a Corporate Headquarters located at 151 Farmington Avenue, Hartford, CT 06156.

4.     Aetna is a business entity, which issues disability insurance policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

5.     On a date certain, Aetna, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer.

6.     The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

7.     At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

8.     At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

9.     At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Aetna to the Plaintiff's employer

under the aforementioned policy.

10. On a date certain, the Plaintiff filed an application for long term disability benefits with Aetna.

11. Aetna notified the Plaintiff that his claim was being denied as of November 27, 2018.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of his treating doctors in support of his claim.

13. By correspondence dated June 19, 2019, Aetna denied the Plaintiff's administrative appeal and informed him of his right to bring a civil action disputing the adverse benefit decision.

14. Aetna abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Aetna in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29 U.S.C. §1001, et seq.

16. The actions of Aetna in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability under the policy of insurance.

18. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of Aetna as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of Aetna, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from November 27, 2018 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Peter Mogull, respectfully requests that judgment be entered against Aetna as follows:

1. Ordering Aetna to pay to the Plaintiff, Peter Mogull, long term disability insurance benefits from November 27, 2018 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Peter Mogull, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and

proper.

                                      RESPECTFULLY SUBMITTED,

BY: _____
      Michael J. Parker, Esquire
      PA Bar ID 93024

Pond, Lehocky, Stern & Giordano, P.C.
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500